GREGG COSTA, Circuit Judge, concurring in the judgment: There are now so many strands of Fourth Amendment law that it is not surprising they sometimes get tangled. As Judge Dennis’s dissent explains, that is what has happened to our caselaw addressing two different situations in which an officer can be held liable for an unlawful search even when a warrant was obtained. The first—and the one that is the claim alleged against Phillips—is when an officer provides false information to the magistrate issuing the warrant. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed,2d 667 (1978). Because the wrongful act is misleading the magistrate, our original view in this area rightly focused on whether the officer “deliberately or recklessly provides false, material information for use in an affidavit in support of a search warrant, regardless of whether he signs the affidavit.” Hart v. O’Brien, 127 F.3d 424, 448-49 (5th Cir. 1997) (emphasis added). As long as the officer knows his false information, will be used in an attempt to mislead a magistrate, that officer should be liable under Franks. See 438 U.S. at 164 n.6, 98 S.Ct. 2674 (explaining that officers should not be able'to “insulate one officer’s deliberate misstatements merely by relaying it through an officer-affiant personally ignorant of its falsity”). An officer can also be held liable for a search authorized by a warrant when the affidavit presented to the magistrate was “so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Malley v. Briggs, 475 U.S. 335, 344, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (citing United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). The Malley wrong is not the presentment of false evidence, but the obvious failure of accurately presented evidence to' support the probable cause required for the issuance of a warrant. In this situation, we have rightly recognized that liability should attach only to the “affi-ant and person who actually prepared, dr was fully responsible for the preparation of, the warrant application.” Michalik v. Hermann, 422 F.3d 252, 262 (5th Cir. 2005). That is because an officer who only provides a portion of the information included in the affidavit has no way of knowing whether the “whole picture” painted by the evidence establishes probable cause. Id. 261. Michalik’s sensible standard for “no probable cause” cases cross-pollinated with the Franks line of falsity cases in Hampton v. Oktibbeha Cty. Sheriff Dep’t, 480 F.3d 358 (2007). See Leon, 468 U.S. at 914-15, 104 S.Ct. 3405 (recognizing these as separate doctrines). Hampton was a falsity case, yet it readily dismissed claims against two officers who allegedly provided false information that was later presented to the magistrate because neither signed the affidavit or prepared the warrant application. 480 F.3d at 365. Importing the Michalik limitation into Franks cases and ignoring Hart was error. There is no principled reason why Franks liability should be limited to the affiant or a person “fully responsible” for preparing the warrant application. See United States v. Calisto, 838 F.2d 711, 714 (3d Cir. 1988) (“If we held that the conduct of .,. the affiant[ ] was the only relevant conduct for the purpose of applying the teachings of Franks, we would place the privacy rights protected by that case in serious jeopardy.”). That requirement would preclude liability in the case of an officer who provides to a warrant affiant a doctor’s inculpatory opinion about bite mark evidence while failing to disclose exculpatory DNA results. Burke v. Town of Walpole, 405 F.3d 66, 87 (1st Cir. 2005) (denying qualified immunity on those facts). It would also defeat a claim brought against an officer who conveyed to an affi-ant the inculpatory comments of one informant but not the contradictory account of another. United States v. DeLeon, 979 F.2d 761, 762-63 (?th Cir. 1992). In both of these scenarios, Hart’s “for use in an affidavit” standard would support liability. The majority opinion tries to harmonize Hart with Hampton (and Jennings v. Patton, 644 F.3d 297 (5th Cir. 2011), which followed Hampton in a Franks case) by saying that “an officer who has provided information - for the purpose of its being included in a warrant application 'under Hart has assisted in preparing the warrant application for purposes of Jennings and Hampton and may be liable.” Maj. Op. at 262. But if Hart’s “for use in a warrant” requirement is sufficient, why overlay it with the additional requirements that “an officer must have assisted in the preparation of, or otherwise presented or signed a warrant application in order to be subject to liability under Franks”? Id. at 263. More problematic than the merged test being cumbersome, the Hart standard for Franks liability is irreconcilable with Hampton’s endorsement of the requirement that the officer must have “prepared or presented the warrant or [have been] fully responsible for its preparation or presentation.” Hampton, 480 F.3d at 365 (quoting Michalik, 422 F.3d at 261) (emphasis added); see also Jennings, 644 F.3d at 300 (reciting same requirement). That language was wrongly imported from the “no probable cause” caselaw and is not used by any other circuit in Franks cases. The en banc court’s attempt to reconcile rather than correct our caselaw, with Hart apparently now being a subpart of the Hampton standard, will continue to result in confusion. That confusion is especially problematic for a claim in which individuals can assert a qualified immunity defense as a lack of clarity in the law provides a defense. In a future Franks case, an officer who provided false information “for use in” an affidavit will no doubt argue he was not “fully responsible” for the warrant application and thus is immune under the Hampton and Jennings decisions that we reaffirm today. Such a conflict in the caselaw will support an easy defense of qualified immunity as this case demonstrates. Although the “violation of clearly established law” standard is increasingly being questioned, see Ziglar v. Abbasi, — U.S. —, 137 S.Ct. 1843, 1870-72, 198 L.Ed.2d 290 (2017) (Thomas, J., concurring) (citing Baude, Is Qualified Immunity Unlawful?, 106 Cal. L. Rev. (forthcoming 2018)), it is hard to imagine that any immunity threshold should hold law enforcement to a higher standard than judges when it comes to interpreting the law. If judges thought (and apparently still think) that the Mi-chalik standard should extend to Franks cases, then an officer like Phillips who has neither the legal training of judges nor the time we can devote to parsing caselaw should not face civil liability for that error. So I join the majority opinion in concluding that Phillips is immune from this suit.[1] But I would use the en banc process to recognize the dubious provenance of the “sign or prepare” requirement in our Franks case. Hart alone should provide the appropriate standard for Franks claims. Its. “for use in” requirement is more straightforward, consistent with the law in other circuits, and fully captures Franks’s concern that an officer’s misrepresentations to a court should not be a basis for interfering with citizens’ privacy and liberty interests. Our failure to straighten out the strands of Fourth Amendment law that got tangled in Hampton means that the next time one of these cases comes along, perhaps with a stronger case for liability than this one, the important Fourth Amendment concerns that Franks protects might not be vindicated. . The dissent raises legitimate concerns about whether the defendant raised the "clearly established” aspect of qualified immunity as a ground for summary judgment. But even without getting to the "clearly established” question, Melton has not established a constitutional violation under the proper Franks inquiry. That is because he cannot show that Phillips knowingly or recklessly presented false information. Assuming the truth of Melton’s theory that the inaccurate identification came from Phillips’s use of a law enforcement database, there is no evidence indicating that Phillips "entertained serious doubts as to the truth” of that information on which law enforcement frequently relies. Hart, 127 F.3d at 449 (quoting St. Amant v. Thompson, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)).